Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4841 | **DATE** | 12/22/2000 |
| **CASE TITLE** | Orix Vs. Superior Bank, FSB | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss (8-1) is granted in part and denied in part. The motion to dismiss as to counts II and III is granted and denied as to counts I and IV. Enter Memorandum Opinion and Order. Discovery is ordered closed on 4/30/01. Pretrial order to be filed by 5/30/01. Response to any motions in limine due by 6/13/01. Pretrial conference set for 6/29/01 at 4:00 p.m. Trial set for 7/9/01 at 9:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 2 6 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | FILED FOR DOCKETING 00 DEC 22 PM 6:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORIX REAL ESTATE CAPITAL )
MARKETS, LLC, )
 )
       Plaintiff, )
 )
v. )  No. 00 C 4841
 )
SUPERIOR BANK, FSB, )
 )
       Defendant. )
 )



DOCKETED
DEC 26 2000

## MEMORANDUM OPINION AND ORDER

Starting in 1994, ORIX Real Estate Capital Markets ("ORIX") invested in some subordinated securities based in pooled residential mortgage loans offered by Superior Bank ("Superior"). There were contracts or Pooling Service Agreements ("PSA") governing the purchase. ORIX alleges that, when 46 of the loans were liquidated as of the filing of the complaint, the mortgage pools securing these investments declined in value, and were shown on analysis to have included many poor quality loans. ORIX also alleges that Superior lied about the quality and other features of these securities in its disclosure documents. ORIX filed this diversity lawsuit, to be decided under New York law, alleging (1) breach of warranty, (2) negligence, (3) breach of fiduciary duty,

and (4) fraud. Superior Bank moves to dismiss, and I grant the motion in part and deny it in part.

I.

This is a diversity case between corporations, and my jurisdiction is in virtue of 28 U.S.C. § 1332(c). ORIX is a Delaware LLC with its principal place of business in Dallas, Texas. Superior is a federal stock or savings bank chartered under the Federal Home Loan Bank Board. It is "located in" Illinois. Apart from a narrow list of kinds of cases that does not apply here, 28 U.S.C. § 1348 specifies that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." In a diversity case, I apply state substantive law, here undisputedly that of New York, and federal procedural law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999). I attempt to predict how the New York Court of Appeals would decide the issues presented here. *Id.* In the absence of New York authority, I may consider decisions from other jurisdictions. *Id.* On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), I take as true the plaintiff's well-pleaded factual allegations and draw all reasonable inferences in its

favor. *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). I grant the motion only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.* The issue is not whether a plaintiff will ultimately prevail but whether it is entitled to offer evidence to support the claims. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

II.

A.

The defendant argues that the breach of warranty claim (count I) must be dismissed because the express terms of the governing contracts limit ORIX's remedies for any breach of warranty to cure after notice of breach or a repurchase of the loan, *see* PSA § 20.3(b), barring compensatory damages. That would not by itself warrant dismissal, because "[u]nder Rule 54(c) [I must] grant whatever relief is appropriate . . . , even if the parties have not specifically requested it." *Old Republic Insurance Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998).

However, I can reconstrue the motion with respect to count I as a motion to strike the prayer for compensatory damages. ORIX opposes the motion, thus reconstrued, arguing that it will have no

remedy because the loans have been liquidated. The contract therefore fails of its essential purpose. Superior disputes whether this contract defense applies outside a UCC context--ORIX's cases are all UCC or near enough (one concerns a lease of goods, now but not then covered under the UCC). The state case law reveals only a few old cases outside a sale or lease of goods context where this defense is authorized or even discussed. *See, e.g., Callanan v. Powers*, 92 N.E. 747, 752 (N.Y. 1910) (permitting recission); *see also Lorillard v. Clyde*, 37 N.E. 489 (N.Y. 1894); *W. K. Ewing Co. v New York State Teachers' Retirement Sys.*, 218 N.Y.S.2d 253 (N.Y. App. Div. 1961). However, the leading English case on failure of essential purpose, *Krell v. Henry*, 2 K.B. 740 (1903), concerns a short term apartment lease, the purpose of which was to witness Edward VII's coronation, a ceremony that was later cancelled due to Edward's illness; this would not have been a UCC contract. I predict that if this defense were to arise outside the UCC context, the New York courts would allow it.

No matter. The payment of the liquidation price of a loan is payment of an amount of money, which is completely fungible: it does not matter whether the money comes from the sale of a mortgage on a particular property or from another source. In its reply,

4

Superior admits as much. Therefore, if there was a shortfall of a sort that would trigger the repurchase clause of the PSA, the contract says that Superior shall make up the difference. There is no practical difference between this "repurchase" remedy and compensatory damages. I therefore deny the motion construed as a motion to strike the prayer for compensatory damages.

B.

ORIX's count II alleges that Superior was negligent in its management of the properties and mortgages that secured some of the certificants at issue in this case, failing to exercise due care in originating and approving loans to unqualified homebuyers, allowing loans to go past due and delaying foreclosure for no good reason, and so forth. Under New York law, "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to" the contract. *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193-94 (N.Y. 1987). ORIX responds that the "extraneous" circumstances are that Superior "acted as the originator (before the PSAs were even in effect) of those loans, and thereafter [as] the servicer, Calculating Agent, and Reporting Agent, and by doing so undertook to perform those

5

tasks with reasonable care." This is because "investors such as ORIX . . . were relying upon Superior as an originator and servicer to conduct itself within industry norms apart from the PSAs." I don't understand, however, how this is duty apart from the contractual arrangements under which ORIX sues in count I.

Moreover, negligence requires not only fault and causation, but also injury. *See Johnson v. Harrington*, 626 N.Y.S.2d 324, 325 (N.Y. App. Div. 1995). If there were no contractual arrangements under which ORIX could sue, it would have had no investments in Superior's certificates and therefore would not have suffered any losses to recover. There were contracts here, the breach of which ORIX alleges caused its injury. Those contracts preempt any tort claims. ORIX cites *Sommer v. Federal Signal Corp.*, 583 N.Y.S.2d 957 (N.Y. App. Div. 1992), for the proposition that a party may be held liable in tort on the facts that underlie a breach of contract, but here the court noted the special nature of the defendant's business, fire alarms, was what gave rise to a duty independent of the contract, and it treated the plaintiff as seeking not contract damages but only recovery in tort. *Id.* at 962. In *Rodin Properties-Shore Mall, N.V. v. Ullman*, 694 N.Y.S.2d 374 (N.Y. App. Div. 1999), also cited by ORIX, the tort liability depended on the defendant

being a "professional appraiser [who, as such,] . . . owed a duty to plaintiff independent of any contractual obligation." *Id.* at 376. The court emphasized that it was the defendant's role as a professional that gave rise to tort liability there. Here, Superior was a business and did not hold itself out as having professional expertise of the sort required of an appraiser. These cases, therefore, are distinguishable. Count II is dismissed.

C.

ORIX claims that Superior breached a fiduciary duty it had to ORIX by behaving in the manner alleged. In New York, there is no fiduciary duty in "an arm's length business transaction without special circumstances which might give rise to a fiduciary relationship." *Ponte & Sons, Inc. v. American Fibers Int'l*, 635 N.Y.S.2d 193, 194 (N.Y. App. Div. 1995). ORIX contends that there were such circumstances because Superior "took on significant responsibilities to service and account for the mortgage pool loans." This is just silly. ORIX cites no New York law, offering only a California case. The New York courts have said that the "mortgaging of real property" is a central example of the kind of "arms-length transaction[]" that precludes "the kind of position of trust with plaintiffs that would create a fiduciary relationship

7

between the[ parties]." *Chester Color Separations, Inc. v. Trefoil Capital Corp.*, 636 N.Y.S.2d 613, 614 (N.Y. App. Div. 1995). This case does not involve direct mortgaging, but the relationship of an investor in a mortgage pool to the investment manager is even more arms-length, if anything, than that of a mortgage lender to a mortgagor. No "relationship involving trust or confidence is present." *Rabouin v. Metropolitan Life Ins. Co.*, 699 N.Y.S.2d 655, 657 (N.Y. App. Div. 1999) (Management of pooled assets by insurance company does not create fiduciary relationship with insured.).

Orix is not a naif or a patsy but "a sophisticated institutional investor" that "has acted in the capacity of an arm's-length contractual counterparty"; Superior was not its "financial advisor or fiduciary." *CIBC Bank & Trust Co. (Cayman) Ltd., v. Credit Lyonnais*, 704 N.Y.S.2d 574, 575 (N.Y. App. Div. 2000). The essential elements of a fiduciary relation are (1) reliance, and (2) de facto control and dominance. *See United States v. Reed*, 601 F. Supp. 685, 708 (S.D.N.Y. 1985)(discussing New York and other cases), *rev'd in part on other grounds*, 773 F.2d 477 (2d Cir. 1985). That Superior took on itself certain contractual responsibilities to service and account for mortgage loan pools does not mean that there was the sort of special relation of "great

intimacy, confidentiality, reliance and superiority of influence," 601 F. Supp. at 704, of the sort required for a fiduciary relationship. What ORIX alleges involves at most a breach of contract. The breach of fiduciary duty claim is dismissed.

D.

ORIX's final count is that Superior fraudulently induced it to enter into the PSA by intentionally misrepresenting (1) the nature and quality of the mortgages, and (2) that it would service the mortgage pool to the benefit of all investors, having no intention of doing so. Superior objects that the facts underlying this count are merely those sustaining the breach of warranty claim. A separate cause of action seeking damages for intentional fraud "cannot stand when the only fraud alleged relates to breach of a contract." *Shlang v. Bear's Estates Dev. of Smallwood, N.Y., Inc.*, 599 N.Y.S.2d 141, 143 (N.Y. App. Div. 1993). However, a fraud action may be maintained where a plaintiff pleads a breach of duty separate from, or in addition to, a breach of the contract. *First Bank of the Americas v. Motor Car Funding, Inc.*, 690 N.Y.S.2d 17, 21 (N.Y. App. Div. 1999). For example, a party who is fraudulently induced to enter into a contract may sue for fraud and breach of contract. *Id.*; *accord Schlang*, 599 N.Y.S.2d at 143. The alleged

misrepresentations "must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them." *Schlang*, 599 N.Y.S.2d at 143.

This case is on all fours with *First Bank*. There, the plaintiff contracted to buy used car loans from the defendant with certain warranties. The defendant made representations about "the quality of the collateral, the individual borrowers' credit history and the amount of the borrowers' down payments." The plaintiff there alleged that these representations were false and it had been fraudulently induced to buy less valuable loans, which it would have rejected if it had known the truth. 690 N.Y.S.2d at 19. The Appellate Division held that the claim was actionable. ORIX alleges that Superior made present lies about the quality and nature of the loans it sold to ORIX in its disclosure documents, and that ORIX relied on these lies, without which it would not have bought this particular pig in a poke. Count IV stands.

### III.

Finally, Superior argues that the fraud count is barred by the statute of limitations and the pleading requirements of Fed. R. Civ. P. 9(b) and (f).[1] In New York, a cause of action sounding in

---

[1] It also argues that the negligence and fiduciary duty counts are time-barred, but since I have dismissed these counts above, I

fraud must be "commenced within six years from the date that the alleged fraud was committed, or two years from the date the fraud was discovered or, with the exercise of reasonable diligence, should have been discovered." *Cappelli v. Berkshire Life Ins. Co.*, 713 N.Y.S.2d 756, 757 (N.Y. App. Div. 2000). Superior says that ORIX alleges that it purchased the certificates at issue in or about April or June 1995, and because it does not specify when the fraud occurred or was discovered, it has not shown that the claim is not time barred "as [it] likely may be."

This won't do. The statute of limitations is an affirmative defense under Rule 8(c), *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). Allocation of the burden of proof is determined by state law. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 n.2. (7th Cir. 1991). In New York, "the burden of proving the applicability of the affirmative defense of the statute of limitations is upon the party asserting it." *Brush v. Olivo*, 438 N.Y.S.2d 857, 859 (N.Y. App. Div. 1981). Superior has not met its burden by saying that it may be likely that ORIX's claim is time-barred.

Finally, Superior argues that the fraud count fails to allege

---

need not discuss them under this heading.

"the critical fact of when certain nondisclosures occurred with specificity." Fed. R. Civ. P. 9(b) requires that fraud be alleged with specificity as to time. *See Midwest Commerce Banking Co. v. Elkhart City Centre*, 4 F.3d 521, 524 (7th Cir. 1993)("Rule 9(b) require[s the plaintiff to] set forth the date and content of the statements or omissions that it claimed to be fraudulent."). The complaint alleges that ORIX reviewed the allegedly fraudulent disclosures, and, in reliance upon them, purchased the securities in dispute; more precise dates (e.g., "December 17, 1993") are given with references to particular documents pertaining to classes of certificates in paragraphs 13-25 of the complaint. What more specificity would be required--the time of day? Furthermore, pleadings that are specific enough to satisfy Rule 9(b) are also specific enough to satisfy Rule 9(f).

IV.

Superior's motion to dismiss counts II and III is GRANTED. Its motion to dismiss counts I and IV is DENIED.

ENTER ORDER: *Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: December 22, 2000